UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAYNE A. BARRETT,

                    Plaintiff,

          -against-

M&T CORPORATION; ERIN DOERFLER;
ERIC MANSER; DARREN KING,

                    Defendants.

25-CV-0665 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

          Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated his

rights under New York state law, and, possibly, under federal law. Named as Defendants are

M&T Corporation, M&T CEO Darren King, M&T Loan Delivery Manager Erin Doefler, and

M&T Assistant Vice President Eric Manser. By order dated March 7, 2025, the Court granted

Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The

Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

          The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

          While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

## BACKGROUND

The following facts are drawn from the complaint.[1] In April 2022, Defendant Manser, "as an authorized agent of M&T Bank, accepted and assigned for a negotiable instrument tendered by [Plaintiff]. This acceptance, in accordance with [New York Uniform Commercial Code ("UCC")], rendered the instrument enforceable against M&T Bank as the acceptor." (ECF 1, at 2-3.) Plaintiff asserts that the "negotiable instrument" he provided to Manser required Manser or M&T Bank "to pay a specified sum on demand or at a fixed or determinable future time to [Plaintiff]." (*Id.* at 5.) By "accepting" Plaintiff's "negotiable instrument," Manser or M&T Bank were required to "[p]ay or fulfill the terms outlined in the instrument" or "[r]eturn the instrument

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

upon dishonor within a reasonable time." (*Id.*) "Despite the acceptance and processing of the negotiable instrument, M&T Bank continues to enforce the debt associated with it through foreclosure proceedings." (*Id.* at 3.) Plaintiff asserts that such enforcement "constitutes securities fraud under UCC § 8-110" because "M&T Bank is falsely representing the existence of an outstanding debt when, in fact, the negotiable instrument has been satisfied." (*Id.*)

In essence, Plaintiff alleges that by accepting his homemade "negotiable instrument," M&T Bank agreed to discharge the remainder of Plaintiff's debt.

Plaintiff seeks various injunctive relief as well as damages in amount of "$36,000,000.00 USD, or equivalent value in gold or 36% of the Cusip value over the life of its existence." (*Id.* at 9.)

Plaintiff attaches to the complaint a copy of the alleged "instrument," which is labeled as a "New Credit Agreement Security" ("NCA"), and which states that by receiving the document, the recipient agrees to discharge Plaintiff's debt. (*See id.* at 29, 37.) Plaintiff also attaches a letter that appears to have been delivered to Defendants along with Plaintiff's "Note." That letter states,

> This valid, bank accepted, and legal State UCC1 SEC Registered Negotiable Financial New Credit Agreement Dept Payoff Security Instrument is U.S. Currency tender of payment in full for all debts public and private and is assigned to The Account and Security Obligations of THE UNITED STATES to pay any bank this alleged debt from the General Accounting Office, under direction of the Comptroller General and In Care of Alien Property Custodian to set off and pay which is The Secretary of the United States Treasury . . . or any authorized officer as assignment to and as Fiduciary for payment and discharge of national debt in commerce in conjunction with to or for the United States account security obligations to that portion of the public debt it is intended to reduce as the discharge and recovery of the public debt.

(*Id.* at 38.)

Plaintiff also attaches to the complaint documents setting forth the so-called sovereign citizen theories of "private bankers" being able to use a "CAP Pre-Processed Promissory Note

Security" to "pay any debt without using the private company Federal Reserve International

Promissory Note Dollar Commercial Paper from the DISTRICT OF COLUMBIA MUNICIPAL

CORPORATION." (*Id.* at 43.) Such notes are claimed to be "the same thing as 'cash.'" (*Id.*)

Plaintiff has previously filed a similar action against M&T Bank and other defendants in

the Superior Court of Cobb County, Georgia. Defendants removed that action to the United

States District Court for the Northern District of Georgia. *See Barrett v. Original Lender, MERS*,

No. 1:22-CV-2321 (N.D. Ga. Feb. 24, 2023). The district court described Plaintiff's complaint in

that action as alleging that he

> satisfied his mortgage debt when he "legally and officially discharged and paid off
> total mortgage debt in amount of $232,000 on 4/11/2022 with a legal New Credit
> Agreement Debt Lien Payoff Contract Security" (NCA), that the NCA "was made
> payable to Defendants and was received, accepted, served/signed for and on
> *behalf* of Defendants by one of their Authorized Agents," that the NCA was "kept
> in Defendants' possession," and that the securitization of his mortgage loan was
> illegal.

*Id.*, ECF 31, at 2-3 (quoting the complaint).

The district court dismissed the complaint, holding, among other things, that "Plaintiff's

allegation that the unilaterally executed NCA discharged him of his mortgage debt is meritless."

*Id.* at 10. In dismissing Plaintiff's claims, the court noted that "[o]ther courts have found that

such NCAs or 'Credit Agreement Payoff' (CAP) instruments are baseless, frivolous attempts to

eliminate debt, and they have rejected plaintiffs' attempts to rely on them to assert[] claims

against mortgage lenders." *Id.* at 10-11 (collecting cases).

## DISCUSSION

### A.    Plaintiff's claims are frivolous

Plaintiff's argument – that the documents he submitted to the bank relieves him of his

debt obligation – is one that has been universally rejected. *See, e.g.*, *Balash-Ioannidou v.*

*Contour Mortg. Corp*, No. 22-CV-4506, 2022 WL 3358082, at *1 (E.D.N.Y. Aug. 15, 2022)

(rejecting claim that plaintiff "issued a payment through Notary Presentment to Defendants in the amount of $645,300.00," as well as a "Notary Protest" and a "Certificate of Dishonor," to satisfy her debt); *Steinkirchner v. Gordon*, No. 19-CV-1241, 2020 WL 549087, at *2 (W.D. Pa. Feb. 4, 2020) (noting that "[w]hile the Court is not in the business of issuing general advisory opinions, it can say with confidence that the Plaintiff's one-sided effort to discharge her debts does not create a legal or factual basis for the claims she struggles to assert."); *Bendeck v. U.S. Bank Nat'l Assoc.*, No. 17-CV-0180, 2017 WL 2726692, at *4-6 (D. Haw. June 23, 2017) (holding that the "court readily rejects the 'promissory note is money' premise as absurd and frivolous" and rejecting claim that she is "entitled to a home without paying for it"); *McKay v. U.S. Bank,* No. 14-CV-872, 2015 WL 5657110, at *2 (M.D. Ala. Sept. 24, 2015) (denying plaintiffs' request for declaratory judgment that the defendant was not the real mortgage holder and to quiet title based upon their mailing of a "notarial presentment" and a "notarial notice of Dishonor" to the defendant bank); *Martinez v. Wells Fargo Bank*, No. 12-CV-802, 2014 WL 12026058, at *5 (S.D. Cal. Sept. 11, 2014) (holding that "[t]o the extent plaintiff means to argue that he satisfied his loan-repayment obligations when he tendered his promissory note, plaintiff is wrong."); *Johnson v. Wennes*, No. 08-CV-1798-L, 2009 WL 1228500, at *4 (S.D. Cal. May 5, 2009) (finding that "[i]t strains the imagination for plaintiff to suggest that he should have clear title to his home without paying for it" and that his promissory note "did not create money out of the ether"); *Demmler v. Bank One NA*, No. 2:05-CV-0322, 2006 WL 640499, at *4 (S.D. Ohio Mar. 9, 2006) (rejecting plaintiff's "patently ludicrous argument" that by giving a bank a promissory note, he "gave the bank his 'money,' which [the bank] simply lent back to him" as without legal authority and "utterly frivolous").

5

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's claim – that submission of his "note," which did not include actual payment, somehow discharged his debt – rises to the level of the irrational, and there is no legal theory on which he can rely, *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**B.      Leave to amend is denied and warning**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Because the Court finds that this action is frivolous, it declines to consider whether his claims are precluded by the Northern District of Georgia's decision in *Barrett*, No. 1:22-CV-2321. However, in light of the fact that the Northern District of Georgia previously dismissed similar claims brought by Plaintiff, and alerted him to the long list of legal authority finding such claims to be meritless, the Court finds that Plaintiff was or should have been aware when he filed this action that his claims lacked merit. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where a frequent *pro se* litigant may be charged with knowledge of particular legal requirements). The Court therefore warns Plaintiff that if he continues to file frivolous or meritless actions in this court, the Court may issue an order directing him to show cause why the Court should not bar him from filing any future civil actions in this court IFP without the court's leave to file. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), as frivolous.

*See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:    June 3, 2025
          New York, New York

                                            Louis L. Stanton
                                            Louis L. Stanton
                                            U.S.D.J.