UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAYNE A. BARRETT,

                          Plaintiff,

          -against-

M&T CORPORATION; ERIN DOERFLER;
ERIC MANSER; DARREN KING,

                          Defendants.

25-CV-0665 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

Plaintiff filed this action *pro se*. By order dated June 4, 2025, Court dismissed the complaint as frivolous (ECF 9.) The Clerk of Court entered judgment June 5, 2025. (ECF 10.) On June 20, 2025, Plaintiff filed a notice of appeal to the Court of Appeals for the Second Circuit. (ECF 11.) On July 14, 2025, Plaintiff filed a "Motion for Relief in Quia Timet and Affidavit of Truth" in which he appears to challenge the June 4, 2025 dismissal order. (ECF 12.) By mandate dated October 2, 2025, the Court of Appeals dismissed the appeal for Plaintiff's failure to pay the appeal fees or seek *in forma pauperis* status, thereby returning jurisdiction over the action to this court.

The Court liberally construes Plaintiff's submission as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him[.]" (citations omitted)). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

**DISCUSSION**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

In his motion, Plaintiff repeats the claims he made in his complaint. He has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 12) is denied. The Clerk of Court is directed to terminate all motions in this action.

SO ORDERED.

Dated:    February 18, 2026
       New York, New York

 

                                   LOUIS L. STANTON
                                      U.S.D.J.